JOHN P. LeCRONE (State Bar No. 115875)
  johnlecrone@dwt.com
GIANCARLO UREY (State Bar No. 267069)
  giancarlourey@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St.
Suite 2400
Los Angeles, California 90017-2566
Telephone (213) 633-6800
Fax (213) 633-6899

Attorneys for Defendants
PERPETUAL WINGS, LLC,
Erroneously sued as PWI West

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT TRENIER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PWI WEST, franchisee of BUFFALO WILD WINGS WORLD WIDE WINGS LLC,<br><br>　　　　　Defendants. | Case No. EDCV-13-1867 JGB (OPx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to the Honorable Jesus G. Bernal<br><br>Discovery Cut Off:　October 6, 2014<br>FPC Date:　　　　　February 2, 2015<br>Trial Date:　　　　　February 17, 2015 |

WHEREAS, Plaintiff Brett Trenier ("Plaintiff") and Defendant Perpetual Wings, LLC ("Defendant") have demanded the production of documents from one another. Plaintiff and Defendant are collectively referred to as the "parties."

WHEREAS, some of the documents requested contain private information, including private information about people who are not the parties to this lawsuit. This private information includes, but is not limited to, contact information, job history, and salary information;

WHEREAS, some of the documents requested contain trade secrets or other proprietary information of Defendant;

WHEREAS, in order to comply with their discovery obligations and promote the administration of justice, the Parties need to produce these documents so that the private and proprietary information mentioned above are not disclosed to the general public.

THEREFORE, subject to the approval of this Court, the parties hereby agree and stipulate to the entry of a Protective Order containing the following terms:

**1.   Scope of Protective Order**

In connection with discovery proceedings in this lawsuit, the parties may designate any document as "confidential," as well as any thing, material, testimony or other information derived therefrom, if the information is protected by the right of privacy under applicable law, or if the information is the proprietary information and/or trade secrets of any party or nonparty.

**2.   Procedure for Designating Documents "Confidential"**

A party made designate a document as "confidential" by stamping or writing the word "CONFIDENTIAL" on each page of the document to be produced.

**3.   Procedure for Designating Testimony "Confidential"**

Testimony taken at a deposition may be designated as confidential by making a statement to that effect at the deposition. Arrangements shall be made with the court reporter to separately bind and label the confidential portions of the transcript.

### 4. Disclosure of Confidential Information

The information encompassed by this Protective Order is considered Confidential. Unless the Court rules otherwise, such information shall not be disclosed to any person other than (a) the parties to this action; (b) counsel of record to the parties; (c) the staff of counsel to the parties employed during the pendency of this litigation; (d) experts retained by the parties for this litigation, but only to the extent that the person requires the information to form an opinion; (e) trial witnesses and court reporters in this action; (f) witnesses being deposed, but only so long as the disclosure is reasonably necessary for purposes of this litigation; and (g) the Court, Court personnel and jurors.

Persons under subsections (d) and (f) who receive Confidential information will sign the acknowledgement listed as Attachment A, and affirm that he or she understands the information is confidential and that it cannot be disclosed to third persons.

### 5. Submission of Confidential Documents to the Court

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing (or a portion of that filing) shall be accompanied by an application to file the papers under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

### 6. Handling of Confidential Documents at the Conclusion of the Litigation

Within 60 days after the conclusion of the lawsuit, the Party that initially marked a document as Confidential may request the return of the document from any other party.  Within 30 days after receipt of such a request, the Party in possession of the Confidential document must return the document.

STIPULATED PROTECTIVE ORDER
DWT 24024184v1 0096493-000003

### 7. Challenging a Designation of a Document as Confidential

Should any party object to the designation of a document or information as Confidential, the parties shall promptly attempt to resolve the dispute informally. If the dispute is not so resolved, the objecting party shall make an application to the Court to resolve the dispute, and in such proceeding the party asserting confidentiality shall have the burden of establishing the confidentiality of the designated material. The material shall be in all respects treated as Confidential from the time of original designation until the Court has determined the issue. Such motion or application to the Court must be made in strict compliance with Local Rules 37-1 and 37-2.

### 8. Relation to other Court or Local Rules

This Protective Order does not abrogate any Parties' duty to follow court rules regarding the submission of confidential information to the court. Specifically, the parties must comply with Local Rule 79-5 et seq. Furthermore, this Protective Order does not change, amend, or circumvent any court rule or local rule.

### 9. Other Provisions

**(a)** The provisions of this Protective Order shall survive the final termination of this action.

**(b)** Any material subject to this Protective Order, and which is otherwise admissible, may be used at trial.

**(c)** Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission or assertion by any witness or person or entity that any particular document or information provided is or is not admissible as part of the litigation of this action.

**(d)** Any party to this Protective Order may request the Court to grant relief from any provision of this Protective Order.

   **(e)**  The Court may modify this Protective Order at any time for good cause, in the interest of justice, or on its own order at any time during these proceedings.

   **(f)**  Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

   **(g)**  Nothing contained herein is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

DATED: May 28, 2014

By:_____
   Brett Trenier
  Plaintiff in Pro Per

DATED: May 28, 2014     DAVIS WRIGHT TREMAINE LLP
                JOHN P. LeCRONE
                GIANCARLO UREY

By:_____
   Giancarlo Urey
  Attorneys for Defendants
  PERPETUAL WINGS, LLC,
  Erroneously sued as PWI West

IT IS SO ORDERED.

DATED: May 28, 2014

_____
 HONORABLE OSWALD PARADA
 UNITED STATES MAGISTRATE JUDGE

4

STIPULATED PROTECTIVE ORDER
DWT 24024184v1 0096493-000003

# EXHIBIT A

I, _____ declare:

1. I understand that I may receive or see documents that are marked as Confidential and that are subject to a protective order. I agree to keep such documents confidential and not disclose their contents and I will not copy or use the Confidential documents except for purposes of the lawsuit designated as *Brett Trenier v. PWI West, franchisee of Buffalo Wild Wings World Wide Wings LLC*, Case No. EDCV-13-1867 JGB (OPx).

2. At the conclusion of the above-described lawsuit, I will return to counsel for each party all Confidential documents which I received in this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this document is executed this \_\_\_\_\_ day of _____, 2014, at _____.

_____
(SIGN AND PRINT NAME)